IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-03026-FL

| | |
|---|---|
| DAVID OWEN FISHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| PHILLIP CHAPMAN, Detective, ) | |
| Inspector Deputy Sheriff, ) | |
| VERNON B. JOHNSON, ) | |
| DEPUTY SERGEANT LANDMARK, ) | |
| R. KEITH SHACKLEFORD, PLLC, ) | |
| JUDGE MONICA M. BOUSMAN ) | |
| ) | |
| Defendants. ) | |
| ) | |

This Cause comes before the Court upon Plaintiff's pro se application to proceed *in forma pauperis* and for frivolity review. [DE-2]. In his complaint, Plaintiff seeks redress against the above-named defendants for, inter alia, alleged violations of his constitutional rights. [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. However, for the reasons that follow, the undersigned recommends that Plaintiff's complaint be found insufficient to survive review under 28 U.S.C. § 1915.

**Plaintiff's Complaint**

In his complaint, Plaintiff essentially claims he was falsely charged and imprisoned through the various acts of the named defendants. Specifically, Plaintiff alleges Defendant Phillip Chapman of the Wake County Sheriff's Department improperly obtained a search warrant based on false information supplied by Plaintiff's landlord, Defendant Vernon Johnson. Plaintiff asserts his subsequent arrest by Defendant Deputy Sergeant Landmark was therefore illegal. Plaintiff eventually pled no contest to two counts of possession of a stolen vehicle and two counts of stolen property in Wake County district court, for which Defendant Judge Monica Bousman

sentenced him to a seven to nine month term of imprisonment. Plaintiff contends his appointed attorney, Defendant R. Keith Shackleford, coerced him into accepting the plea based on assurances he would be immediately released on probation. When Judge Bousman instead sentenced Plaintiff to an active term of imprisonment, Plaintiff "then realized [he] was tricked" and attempted to orally withdraw his plea. [DE-1, p.5]. When he did so, Plaintiff claims Judge Bousman "laughed and said it was 'too late.'" [DE-1, p.5].

Plaintiff now seeks recovery for damages he sustained as a result of his allegedly invalid incarceration. Specifically, Plaintiff requests $292,000 for "loss of wages, pay, property, pain, [and] suffering." [DE-1, p.6]. Plaintiff also wants the "persons responsible fined [and] removed from employment." [*Id.*]. In addition, Plaintiff believes he is entitled to recover for defamation, obstruction of justice, violations of his rights under the Fourth Amendment to the United States Constitution, and violations of landlord/tenant law. He asserts that his claims are brought against Defendants acting in their official capacities. [DE-1, pp.3-4].

**Legal Background**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner requests *in forma pauperis* status and seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915A; 1915(e)(2); Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing sua sponte dismissal under predecessor statute 28 U.S.C. § 1915(d)). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by attorneys. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). *Erickson*, however,

2

does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); *see* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). Moreover, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

Here, Plaintiff alleges deprivations of his rights arising under the United States Constitution and North Carolina common law. While not expressly stated, Plaintiff presumably brings his complaint pursuant to Section 1983 of Title 42 of the United States Code. *See* 42 U.S.C. § 1983. Although not a source of substantive rights itself, Section 1983 creates a species of tort liability and provides "a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). To state a claim under Section 1983, a plaintiff must allege sufficient facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a "person acting under color of state law." West v. Atkins, 487 U.S. 42, 49 (1988). The "under-color-of-state-law element of § 1983," like the Fourteenth Amendment's "state-action" requirement, "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)); *see also* Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (noting that § 1983's requirement that a defendant act under "color of law" is treated as the equivalent to the Fourteenth Amendment's "state action" requirement).

Further, to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See* Heck v. Humphrey, 512

3

U.S. 477, 486-87 (1994). Otherwise, a convicted defendant would be able to collaterally attack his criminal conviction through the vehicle of a civil suit. *Id.* at 484-85. "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished).

With these legal precepts in mind, the undersigned considers Plaintiff's claims.

### Analysis

The undersigned believes that Plaintiff's complaint fails to state any claim upon which relief may be granted and should be dismissed.

First, Plaintiff's complaint against Judge Bousman must be dismissed because she is immune from suit. It is well-established that judges are absolutely immune from liability for damages arising out of their judicial actions. *See* Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985).

> There is no such immunity, of course, if the judge undertakes to act in an area where he has no subject matter jurisdiction, but it is immaterial that his challenged judicial act may have been unauthorized by the laws which govern his conduct. If he exceeds his authority, his action is subject to correction on appeal or other authorized review, but it does not expose him to a claim for damages in a private action, or put him to the trouble and expense of defending such an action.

*Id.*

"[T]he doctrine of judicial immunity is only overcome when a judge's actions are not taken in his judicial capacity or when they are taken in the complete absence of all jurisdiction." Murphy v. Goff, No. 6:10-CV-00026, 2010 U.S. Dist. LEXIS 56119, *9 (W.D. Va. June 7, 2010). Here, there is no indication that Judge Bousman lacked jurisdiction over Plaintiff's plea, or that she was acting outside her judicial capacity in any manner. Thus, Plaintiff fails to state a claim against Judge Bousman and his complaint against her should be dismissed.

Second, Plaintiff's claims against Defendants Vernon Johnson and R. Keith Shackleford are also subject to dismissal because neither Johnson nor Shackleford are governmental actors, nor did they act under color of state law. Private persons, including court-appointed attorneys, are

4

generally unsusceptible to Section 1983 claims. To state a viable Section 1983 claim, a plaintiff must establish three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Jenkins v. Medford, 119 F.3d 1156, 1159-60 (4th Cir. 1997). It is well-settled that a "person charged [under Section 1983] must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999); *see also* Hall v. Quillen, 631 F.2d 1154, 1155-56, n. 2-3 (4th Cir. 1980) (stating that court-appointed counsel does not act under the color of state law for § 1983 purposes).

In the instant case, Plaintiff fails to demonstrate that Johnson or Shackleford are state actors or conspired with state actors. Because they are not aligned with the state, Plaintiff cannot maintain his Section 1983 claims against these defendants. *See* Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50. To the extent Plaintiff alleges violations of state common law by Johnson and Shackleford, he may seek redress in the appropriate state judicial forum. The Court should decline to exercise pendent jurisdiction over Plaintiff's state law claims. *See* Thompson v. Prince William Cnty., 753 F.2d 363, 365 (4th Cir. 1985). The undersigned therefore recommends that Plaintiff's federal claims against Defendants Vernon Johnson and R. Keith Shackleford be dismissed for failure to state a claim.

The two remaining named defendants are officers with the Wake County Sheriff's Department named in their official capacities only. Such claims actually constitute a suit against the entity of which those officials are agents--in this case, the Office of Sheriff of Wake County. *See* Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). To state a viable Section 1983 action against the Sheriff's Office, Plaintiff must set forth sufficient facts to demonstrate that his injury, if any, resulted from an official policy or custom of the Sheriff's Office. *See* Collins v. City of Harker Heights, 503 U.S. 115, 120-121 (1992); Cranford v. Frick, No. 1:05CV00062, 2007 U.S.

5

Dist. LEXIS 14609, *7-12 (M.D.N.C. Feb. 28, 2007). "Official liability will attach under § 1983 only if 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Id.* at 121 (quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978)). The fact that an official has discretion in the performance of his official duties does not mean that those acts represent official policy. Rather, the official must have "final authority" over government policy with respect to the action in question for municipal liability to be triggered. Pembaur v. Cincinnati, 475 U.S. 469, 481-82 (1986); Cranford, 2007 U.S. Dist. LEXIS 14609 at *8-10. Official liability under § 1983 may not be premised on a respondeat superior or other vicarious liability theory. *See* Collins, 503 U.S. at 121.

Here, Plaintiff's complaint includes no allegations to suggest that the alleged actions by the individual officers were the result of any official policy or custom. The complaint avers that "Detective/Inspector Chapman lied to [the] magistrate to obtain [the] search warrant" and that "Deputy Sergeant Landmark falsely arrested" Plaintiff. [DE-1, p.4]. Plaintiff does not indicate that such behavior is common practice or would otherwise be condoned by the Wake County Sheriff's Office. Because Plaintiff fails to articulate any facts to support a claim against the Wake County Sheriff's Office, the undersigned recommends dismissing Plaintiff's complaint against officers Chapman and Landmark.

Even if he alleged sufficient facts to demonstrate that an improper search or arrest had occurred and was the result of an official policy or custom of the Wake County Sheriff's Office, Plaintiff's claims nevertheless fail on other, independent grounds. Namely, Plaintiff fails to show that his underlying convictions for possession of a stolen vehicle and stolen property have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or

6

called into question by a federal court's issuance of a writ of habeas corpus. *See* Heck, 512 U.S. at 486-87. If Plaintiff were to successfully demonstrate in a civil suit in federal court that his arrest or that the search of his residence was illegal, such verdict could vitiate the legality of his criminal convictions in state court. Criminal defendants may not, however, collaterally attack their convictions under the guise of a civil suit. *Id.* Similarly, "federal courts should abstain from the decision of constitutional challenges to a state action . . . 'whenever the federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'" Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52 (4th Cir. 1989) (quoting Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 237-38 (1984)). The allegations by Plaintiff involve important state interests and clearly could be presented in state judicial proceedings. Indeed, the undersigned notes that Plaintiff filed a petition for writ of certiorari regarding his case with the North Carolina Court of Appeals, which dismissed the action on October 7, 2010. [Case No. 5:10-HC-02233-FL, DE-12-6]. Absent a showing by Plaintiff that his underlying convictions have been reversed or invalidated in state court, or otherwise thrown into question by the issuance of a writ of habeas corpus, this Court should not allow Plaintiff to challenge the validity of his criminal convictions through the present civil suit. The undersigned therefore recommends dismissal of Plaintiff's complaint for failure to state a claim upon which relief may be granted.

**Conclusion**

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, May 18, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE