IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3026-FL


DAVID OWEN FISHER,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )                    ORDER
                                  )
PHILLIP CHAPMAN, VERNON B.        )
JOHNSON, DEPUTY SERGEANT          )
LANDMARK, R. KEITH                )
SHACKLEFORD, and JUDGE            )
MONICA M. BOUSMAN,                )
                                  )
            Defendants.           )


This matter comes before the court on the memorandum and recommendation ("M&R") of

Magistrate Judge William A. Webb, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b),

in which he recommends that the court dismiss plaintiff's complaint as frivolous. No objections to

the M&R have been filed, and the time within which to make any objection has expired. In this

posture, the issues raised are ripe for ruling.

On February 7, 2011, plaintiff filed an application to proceed *in forma* pauperis in this action.

The magistrate judge found that plaintiff had demonstrated sufficient and appropriate evidence of

inability to pay the required courts costs, but also recommended that plaintiff's proposed complaint

be dismissed as frivolous under 28 U.S.C. § 1915(e)(2). See Cochran v. Morris, 73 F.3d 1310, 1315-

16 (4th Cir. 1996). Under § 1915(e)(2), the court will dismiss an action that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief. A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The magistrate judge concluded that plaintiff's claim against Judge Bousman should be dismissed pursuant to the doctrine of judicial immunity. The magistrate judge further concluded that plaintiff's claims against defendants Vernon Johnson and R. Keith Shackleford should be dismissed because these defendants are not state actors. Finally, the magistrate judge concluded that plaintiff has not stated an official capacity claim against defendants Detective/Inspector Chapman or Deputy Sergeant Landmark, and that plaintiff's claims against these defendants would in any event be barred pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Having carefully reviewed the filings in this case and the M&R, the court agrees with the conclusions reached by the magistrate judge and thus ADOPTS his findings and recommendations (DE # 4).* Plaintiff's motion to proceed *in forma pauperis* (DE # 2) is GRANTED, but his complaint is DISMISSED. Any remaining pending motions are DENIED as moot. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 6ᵗʰ day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

  * Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of a specific and timely filed objection, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

2